UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.B., | Case No. 2:25-cv-03509-DJC-CSK |
| Plaintiff, | |
| v. | ORDER |
| MARYSVILLE JOINT UNIFIED SCHOOL DISTRICT, ET AL., | (ECF Nos. 1, 4) |
| Defendants. | |

Plaintiff C.B. is proceeding in this action with counsel.[1] Plaintiff seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 4.) Plaintiff's IFP application makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

I.     **SCREENING REQUIREMENT**

The determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary

---

[1]   This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## II.    THE COMPLAINT

Plaintiff C.B. has filed an action against Defendants Marysville Joint Unified School District (MJUSD), Kellie Pickell, and Renee Henderson. Compl. at ¶¶ 24-26. Plaintiff alleges substantive due process and state-created danger claims under 42 U.S.C. § 1983. *Id*. at ¶¶ 59-80. Plaintiff further alleges *Monell* liability, violation of Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and negligent hiring against Defendant MJUSD. *Id*. at ¶¶ 89-111, 120-126. Plaintiff also alleges negligence against all Defendants, as well as intentional infliction of emotional

2

distress against Defendants Pickell and MJUSD vicariously. *Id*. at ¶¶ 112-119, 127-137.

Plaintiff alleges that upon starting first grade in Defendant Pickell's class, his "behavior and demeanor began to shift in ways that were… unmistakably rooted in the classroom environment." *Id*. at ¶ 42. Plaintiff alleges that Defendant Pickell referred to him as a "bad" child regularly, refused Plaintiff's request to go to the bathroom, causing him to suffer an accident during class, and used isolation as a social punishment. *Id*. at ¶¶ 43-45. Plaintiff also alleges Defendant Pickell engaged in "academic intimidation," where she became "visibly ang[ry]" when Plaintiff expressed difficulty in solving a math problem. *Id*. at ¶ 46. Plaintiff also alleges that Defendant Pickell engaged in "exclusively negative written feedback in take-home communications." *Id*. at ¶ 47.

"Plaintiff's emotional state deteriorated," leading to Plaintiff begging his mother not to attend classes and pretending to be sick. *Id*. at 48. Plaintiff alleges his mother reported these concerns to Defendant Principal Henderson "multiple times." *Id*. at ¶¶ 49. When Plaintiff's mother requested Plaintiff not be placed in Defendant Pickell's classroom the following year, Defendant Henderson responded by stating there was "no way" to grant her request. *Id*. at 51. At the same time, Defendant MJUSD sent two truancy notices on March 13 and May 15 2025, "warning of escalating consequences," against Plaintiff. *Id*. at ¶ 52. Plaintiff alleges other students reported similar treatment in Defendant Pickell's classroom, with one family withdrawing their child for homeschool and another reporting bathroom incidents and becoming withdrawn. *Id*. at ¶ 53. Ultimately, Plaintiff's mother withdrew Plaintiff from his elementary school, and Plaintiff alleges he suffered "severe emotional distress and anxiety." *Id*. at ¶ 57-58.

III.   **DISCUSSION**

A.   **Federal Rule of Civil Procedure 8**

The Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v.*

*Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's Complaint reveals it fails to state a claim for relief under Section 1983. *See Iqbal*, 556 U.S. at 678.

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; see also *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, a plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

1.      Substantive Due Process Claim Against All Defendants

Plaintiff has insufficiently pled a substantive due process claim against all Defendants. In order to establish a substantive due process claim, Plaintiff must show a government deprivation of life, liberty or property. *Capp v. County of San Diego*, 940 F.3d 1046, 1060 (9th Cir. 2019) (quoting *Nunes v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998)). To prevail on a Fourteenth Amendment claim, Plaintiff must show that Defendant's conduct "shocks the conscience." *Provencio v. Vazquez*, 258 F.R.D 626, 640 (E.D. Cal. 2009). What state of mind shocks the conscience depends on the circumstances of the particular case." *Id.*

Plaintiff alleges that Defendant Pickell's conduct—calling Plaintiff by his name in a

derisive tone, labeling Plaintiff as "bad," denying Plaintiff access to the restroom, and responding with anger to Plaintiff's academic struggles amounted to conscience-shocking behaviors that violated Plaintiff's Fourteenth Amendment substantive due process rights. Compl. at ¶¶ 61-62. The Ninth Circuit has held that teacher conduct amounting to insulting students does not violate an individual's substantive due process rights. *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) (finding that a middle school principal's insults and threats did not violate Plaintiffs' substantive due process rights). In addition, in a separate class action suit alleging similar conduct by Defendant Pickell, this district court granted a motion for dismiss finding that the plaintiff was unable to show that Defendant's conduct shocked the conscience. *P.M.Q. v. Marysville Joint Unified School District*, 2026 WL 734452, *5 (E.D. Cal. Mar. 16, 2026). Accordingly, the Court finds that Plaintiff has not sufficiently pled that his substantive due process rights were violated. The Court dismisses Plaintiff's substantive due process claim with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (2000) (en banc); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

> 2. State Created Danger Claim Against Defendants Henderson and MJUSD

"The Fourteenth Amendment's Due Process Clause ... does not confer any affirmative right to governmental aid" and "typically does not impose a duty on the state to protect individuals from third parties.'" *Henry A. v. Wilden*, 678 F.3d 991, 998 (9th Cir. 2012). An exception to this rule is the state created danger exception, where "the state affirmatively places the plaintiff in danger by acting with deliberate indifference to the obvious danger." *Id*. To determine whether an official affirmatively placed an individual in danger, the court must determine "whether any affirmative actions of the official placed the individual in danger he would otherwise not have faced, whether the danger was known or obvious, and whether the officer acted with deliberate indifference to that danger." *Id*. at 1002 (citing *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062-64 (9th Cir. 2006)).

Plaintiff alleges that Defendant Henderson's refusal to grant Plaintiff a transfer from Defendant Pickell's classroom was an affirmative act that placed Plaintiff in danger. Compl. at ¶ 74. Plaintiff alleges his mother reported "four to five times that [Plaintiff] was experiencing humiliation, panic, and fear..." *Id*. Plaintiff further argues that Defendant Henderson acted with deliberate indifference by "knowingly disregarding the substantial risk of further emotional harm despite actual knowledge and the ability to act."

To show deliberate indifference, the Ninth Circuit requires the actor "must recognize[] [an] unreasonable risk and actually intend[] to expose the plaintiff to the risk without regard to the consequences to the plaintiff." *Patel v. Kent School District*, 648 F.3d 965, 974 (9th Cir. 2011). Plaintiff's Complaint fails to demonstrate that Defendant Henderson acted with such intent where it alleges that in response to Plaintiff's mother requesting a classroom transfer, Defendant Henderson merely responded there was "no way" to grant the request. Compl. at ¶ 74. Therefore, Plaintiff's deliberate indifference claim against Defendant Henderson should be dismissed.

Similarly, Plaintiff alleges that Defendant MJUSD acted with deliberate indifference issuing truancy notices against Plaintiff on March 13, 2025 and May 15, 2025. *Id*. at ¶ 75. Plaintiff states Defendant MJUSD had knowledge of the alleged abuses against Plaintiff when issuing the truancy notices but fails to show how such knowledge demonstrates recognition and intent to expose Plaintiff to an unreasonable risk of danger. *See Patel*, 648 F.3d at 974. Therefore, Plaintiff's state-created danger claim against Defendant MJUSD fails for similar reasons and is dismissed with leave to amend.

### 3.    *Monell* Claim Against Defendant MJUSD

"In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To impose liability under *Monell*, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality has a policy;

6

(3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (*citing Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that Plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070. Plaintiff fails to plead that Defendant MJUSD has a policy to deprive Plaintiff of his constitutional rights. As described above, Plaintiff has failed to plead a substantive due process claim against Defendant MJUSD. Because a *Monell* claim requires a constitutional violation to be actionable, Plaintiff's *Monell* claim is dismissed with leave to amend.

4.   Americans with Disabilities Act and Rehabilitation Act Section 504 Claims against Defendant MJUSD

For Plaintiff to prove an ADA violation, he must show that "(1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

A violation of Section 504 of the Rehabilitation Act requires a plaintiff to show "that (1) [he] is handicapped within the meaning of the [Rehabilitation Act]; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or

services solely by reason of her handicap; and (4) the program providing the benefit or services receives federal financial assistance." *Id*.

Plaintiff correctly notes that the Ninth Circuit uses a deliberate indifference standard to establish intentional discrimination for purposes of monetary relief under Title II of the ADA and Section 504 of the Rehabilitation Act. *See Duvall v. County of Kitsap*, 260 F.3d. 1124, 1138-1139 (9th Cir. 2001). Plaintiff alleges that Defendant MJUSD, through the conduct of Defendant Henderson denying a transfer of classrooms and by issuing truancy notices against Plaintiff, acted with deliberate indifference. Compl. at ¶ 91-101. However, as stated above, Plaintiff failed to sufficiently plead deliberate indifference for the same actions in his state created danger claim. Accordingly, the Court dismisses the ADA and Section 504 claims with leave to amend.

> 5.    Negligence Claim Against All Defendants and Negligent Hiring Claim Against MJUSD

Under California law, a negligence claim requires a showing of "duty, breach, causation, and damages." *State Farm General Insurance Company v. General Electric Company*, 799 F.Supp.3d 996, 1004 (C.D. Cal. 2025) (citation omitted). Here, Plaintiff argues that all Defendants owed him a "duty of reasonable care to maintain a safe school environment, respond reasonably to complaints of harm, and protect students from foreseeable danger." Compl. at ¶ 113. Plaintiff alleges Defendant Pickell breached these duties through her conduct towards Plaintiff. *Id*. at ¶ 114. Plaintiff further alleges Defendants Henderson and MJUSD breached their duties to Plaintiff by failing to investigate or intervene despite Plaintiff's mother reporting Defendant Pickell's behavior several times, and MJUSD for negligently supervising and retaining Pickell despite a known pattern of misconduct. *Id*. at ¶ 115. Plaintiff has sufficiently pled his negligence claim for screening purposes.

Plaintiff also alleges a negligent supervision and training cause of action against MJUSD. "School districts may be vicariously liable for the negligence of administrators or supervisors in hiring, supervising, and retaining a school employee who abuses a

student, even outside the scope of the employee's employment." *L.L. v. Keppel Union School District*, 2021 WL 4692781, at \*4 (C.D. Cal. July 29, 2021) (citation omitted). Plaintiff has sufficiently pled his negligent hiring claim against MJUSD.

> 6.    Intentional Infliction of Emotional Distress Claim against Defendants Pickell and MJUSD

To succeed on a claim for intentional infliction of emotional distress, a plaintiff must demonstrate "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct…" *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991). Plaintiff alleges that Defendant Pickell's actions amounted to extreme and outrageous conduct leading to Plaintiff's emotional distress. Compl. at ¶¶ 127-132. Plaintiff also alleges Defendant MJUSD is vicariously liable for Defendant Pickell's conduct. *Id*. at ¶¶ 133-134. Plaintiff has adequately pled his intentional infliction of emotional distress claim for screening purposes.

## IV.    PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve Defendants MJUSD, Kellie Pickell, Renee Henderson and pursue his negligence, negligent hiring, and intentional infliction of emotional distress claims only, or he may delay serving any Defendant and attempt again to state cognizable claims against Defendants MJUSD, Kellie Pickell, Renee Henderson. If Plaintiff elects to proceed forthwith against Defendants MJUSD, Kellie Pickell, and Renee Henderson as to his negligence, negligent hiring, and intentional infliction of emotional distress claims, then within thirty days Plaintiff must so elect on the appended form. In this event, the Court will construe Plaintiff's election as consent to the dismissal of his substantive due process, state-created danger, *Monell*, ADA, and Rehabilitation Act Section 504 claims without prejudice. Under this option, Plaintiff does not need to file a Second Amended Complaint.

Or, Plaintiff may delay serving any defendant and attempt again to cure the deficiencies identified above. If Plaintiff elects to attempt to amend his complaint to cure the deficiencies identified above, he has thirty days to do so.

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. The amended complaint should be titled "Second Amended Complaint." Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

**V.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is granted.

2.  Plaintiff's substantive due process, state-created danger, *Monell*, ADA, and Rehabilitation Act Section 504 claims against Defendants MJUSD, Kellie Pickell, and Renee Henderson are dismissed with leave to amend. Within thirty days of service of this order, Plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obligated to amend his complaint.

3.  The allegations in the First Amended Complaint are sufficient to state negligence, negligent hiring, and intentional infliction of emotional distress claims against Defendants MJUSD, Kellie Pickell, and Renee Henderson. *See* 28 U.S.C. § 1915A. If Plaintiff chooses to proceed solely as to these claims, Plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe Plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

4.  Failure to comply with this order will result in a recommendation that this action be dismissed.


Dated:  March 27, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| C.B., | No.  2:25-cv-03509-DJC-CSK |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| MARYSVILLE JOINT UNIFIED SCHOOL DISTRICT, ET AL., | |
| Defendants. | |

Plaintiff elects to proceed as follows:

_____     Plaintiff opts to proceed with his negligence, negligent hiring, and intentional infliction of emotional distress claims against Defendants Marysville Joint Unified School District, Kellie Pickell, and Renee Henderson. Under this option, Plaintiff consents to dismiss his substantive due process, state-created danger, *Monell*, ADA, and Rehabilitation Act Section 504 against Defendants Marysville Joint Unified School District, Kellie Pickell, and Renee Henderson without prejudice.

**OR**

_____     Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

_____
                                Plaintiff

12