UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.B.,<br><br>Plaintiff,<br><br>v.<br><br>MARYSVILLE JOINT UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendant. | Case No. 2:25-cv-03509-DJC-CSK<br><br>FINDINGS & RECOMMENDATIONS<br><br>(ECF No. 11) |

Plaintiff C.B. is proceeding in this action with counsel and has filed a First Amended Complaint.[1] (ECF No. 11) ("FAC"). The Court granted Plaintiff's request to proceed in forma pauperis and dismissed the original Complaint with leave to amend within 30 days. 3/30/2026 Order (ECF No. 9).

## I. SCREENING REQUIREMENT

The determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## II. BACKGROUND

### A. Procedural Background

On December 4, 2025, Plaintiff filed a Complaint and an application to proceed in forma pauperis against Defendants Marysville Joint Unified School District ("MJUSD"), Kellie Pickell, and Renee Henderson. Compl. (ECF No. 1.) The original Complaint alleged a substantive due process claim against all three Defendants, a state-created danger claim against Defendants Henderson and MJUSD, a *Monell* claim against Defendant MJUSD, a claim under Title II of the Americans with Disabilities Act ("ADA") against Defendant MJUSD, a claim under Section 504 of the Rehabilitation Act ("Section

504") against Defendant MJUSD, a negligence claim against all Defendants, a negligent supervision and training claim against Defendant MJUSD, and an intentional infliction of emotional distress claim against Defendants Pickell and MJUSD. *Id*. at ¶¶ 59-137. On March 30, 2026, the Court granted Plaintiff's in forma pauperis request, but dismissed Plaintiff's substantive due process, state-created danger, *Monell*, ADA, and Section 504 claims against Defendants MJUSD, Pickell, and Henderson. 03/30/2026 Order at 11 (ECF No. 9.) The Court found that the original Complaint's negligence, negligent hiring, and intentional infliction of emotional distress claims survived screening, and attached an election form allowing Plaintiff to proceed solely on those claims. *Id*. at 11-12. Plaintiff was granted thirty days to amend the Complaint or proceed with the election form. *Id*.

On April 27, 2026 Plaintiff filed the First Amended Complaint against Defendants MJUSD, Henderson, and Pickell. First Amended Compl. ("FAC") (ECF No. 11.)

**B. Factual Background**

In the First Amended Complaint, Plaintiff alleges that he attended first grade at Edgewater Elementary school in August 2024. FAC at ¶ 27 (ECF No. 11). Plaintiff alleges that his instructor was Defendant Kellie Pickell. *Id*. at ¶ 30. Plaintiff alleges that Defendant Pickell engaged in abusive behavior, such as mocking Plaintiff's name, referring to Plaintiff as a "bad" child in front of his classmates, and refusing to allow Plaintiff to use the restroom, causing Plaintiff to soil himself. *Id*. at ¶¶ 31-33.

Plaintiff alleges that his emotional state deteriorated and that he no longer wanted to attend school. *Id*. at ¶¶ 45-46. Plaintiff alleges he developed anxiety-related impairments and facial and vocal tics. *Id*. at ¶¶ 48-49. Plaintiff also alleges that on November 5, 2025, he was formally diagnosed with autism spectrum disorder, Attention-Deficit/Hyperactivity Disorder (ADHD), anxiety disorder, and a tic disorder. *Id*. at ¶ 50.

Plaintiff alleges his guardian had contacted Defendant Principal Renee Henderson several times regarding Plaintiff's mental anguish. *Id*. at ¶¶ 55-62. Plaintiff alleges that on October 9, 2024, his guardian directly communicated with Defendant

Henderson, informed her of Defendant Pickell's conduct, and requested that Plaintiff move classrooms. *Id*. at ¶ 57. Plaintiff alleges that Defendant Pickell responded by saying "we can't just move him to a different class[;] it doesn't work that way…" *Id*.

Plaintiff alleges that Defendant Henderson signed six truancy notices between November 2, 2023 and May 15, 2025. *Id*. at ¶ 60. Plaintiff alleges that the notice dated March 13, 2025 was issued when Defendant Henderson had been on notice of Plaintiff's alleged mental anguish. *Id*. at ¶ 61.

Plaintiff alleges on July 26, 2025, his guardian disclosed to Defendant MJUSD that he had "facial and vocal tics" on his re-enrollment survey. *Id*. at ¶ 52. Plaintiff later alleges that his guardian informed Defendant Henderson of his formal diagnosis, and Defendant Henderson acknowledged that she could "'tell' already." *Id*. at ¶ 53.

## III. DISCUSSION

Just as in the Complaint, the FAC brings (1) substantive due process claim against Defendants MJUSD, Pickell, and Henderson; (2) a state-created danger claim against Defendants MJUSD and Henderson; (3) a *Monell* claim against Defendant MJUSD; (4) an ADA claim against Defendant MJUSD; (5) a Section 504 claim against Defendant MJUSD; (6) a negligence claim against all Defendants; (7) a negligent hiring, supervision, and training claim against Defendant MJUSD; and (8) an intentional infliction of emotional distress claim against Defendants MJUSD and Pickell. The FAC additionally adds a claim under California Government Code § 11135 against Defendant MJUSD.

### A. Claims against Defendant MJUSD

#### 1. <u>Eleventh Amendment Immunity</u>

While the Court did not address Eleventh Amendment immunity in its prior screening order, it concludes that Defendant MJUSD is entitled to its protection. "The Eleventh Amendment prohibits suits for damages, declaratory relief, or injunctive relief against a state or its agencies for legal or equitable relief unless the state has waived its immunity or Congress has specifically overridden sovereign immunity." *Alexander v.*

*California Dep't of Motor Vehicles*, 2019 WL 4194128, at *6 (N.D. Cal. Sept. 4, 2019) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). School districts are arms of the state in California and enjoy sovereign immunity. *Sato v. Orange County Department of Education*, 861 F. 3d 923, 934 (9th Cir. 2017). Therefore, Plaintiff's 1983 substantive due process, *Monell*, California Government Code § 11135, negligence, negligent hiring, and intentional infliction of emotional distress claims against Defendant MJUSD are dismissed without leave to amend for being barred by sovereign immunity. *See id.*; *Akins v. San Diego Community College Dist.*, 2013 WL 40976, at *3 (S.D. Cal. Jan. 2, 2013) (dismissing 42 U.S.C. § 1983, California Government Code § 11135, and negligence claims against community college district as barred by sovereign immunity under the Eleventh Amendment).

However, Title II of the ADA abrogates sovereign immunity. *See U.S. v. Georgia*, 877, 882 (2006). Thus, Plaintiff's ADA and Rehabilitation Act Section 504 claims against Defendant MJUSD are not barred by sovereign immunity under the Eleventh Amendment. Plaintiff also alleges Defendant MJUSD accepts federal assistance that subjects it to liability under Section 504. FAC at ¶ 128; *see Douglas v. California Dept. of Youth Authority*, 271 F. 3d 812, 825 (9th Cir. 2001) (finding waiver of sovereign immunity for Section 504 claim upon finding of California accepting Rehabilitation Act funding). Therefore, the Court will proceed with screening Plaintiff's ADA and Section 504 claims against Defendant MJUSD. All other claims against Defendant MJUSD are barred by the Eleventh Amendment.

2. <u>ADA and Section 504 Claims against Defendant MJUSD</u>

The Court concludes that for screening purposes, Plaintiff has adequately stated his ADA and Section 504 claims against Defendant MJUSD. For Plaintiff to prove an ADA violation, he must show that "(1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052

(9th Cir. 2002).

A violation of Section 504 of the Rehabilitation Act requires a plaintiff to show "that (1) [he] is handicapped within the meaning of the [Rehabilitation Act]; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of her handicap; and (4) the program providing the benefit or services receives federal financial assistance." *Lovell*, 303 F. 3d at 1052.

Plaintiff seeks monetary relief for his ADA and Section 504 claims. FAC ¶ 162. A showing of deliberate indifference is required to establish intentional discrimination for monetary relief under Title II of the ADA and Section 504 of the Rehabilitation Act. *See Duvall v. County of Kitsap*, 260 F.3d. 1124, 1138-1139 (9th Cir. 2001).

To show deliberate indifference, the Ninth Circuit requires the actor "must recognize[] [an] unreasonable risk and actually intend[] to expose the plaintiff to the risk without regard to the consequences to the plaintiff." *Patel v. Kent School District*, 648 F.3d 965, 974 (9th Cir. 2011).

Plaintiff's previous ADA and Section 504 claims were dismissed for a failure to allege factual allegations that showed Defendant Henderson had the recognition and intent to expose Plaintiff to an unreasonable risk of danger. 03/30/2026 Order at 6. The Complaint alleged that Defendant Henderson had actual knowledge of Plaintiff's disability-related limitations by having heard reports from Plaintiff's guardian that Plaintiff was feeling unsafe and feigning illness due to conduct attributed to Defendant Pickell and that a classroom change was demanded. Compl. at ¶ 94. The Complaint alleged that Defendant Henderson's refused the classroom transfer in response to these reports. *Id*. at ¶ 96.

The FAC includes additional allegations, such as Defendant Henderson's admission that she was aware Plaintiff was suffering from disability-related symptoms, an additional lawsuit filed against Defendant Pickell related to her conduct against students, and Plaintiff's November 5, 2025 diagnosis of autism spectrum disorder, ADHD, anxiety, and tic disorders. FAC at ¶ 121. The Court concludes that with these

additional factual allegations, the FAC adequately pleads deliberate indifference. The Court also finds that the FAC adequately pleads the remaining elements of both the ADA and Section 504 claims, including that Plaintiff is a "qualified individual with a disability" by alleging Plaintiff's November 5, 2025 diagnosis. *See Lovell*, 303 F. 3d at 1052; FAC at ¶ 116. The Court also finds that the FAC sufficiently alleges that Plaintiff was denied an accommodation through additional allegations of the absence of an observation of Defendant Pickell and a failure to evaluate Plaintiff for special education services. *Id*. at 121. Thus, the Court concludes Plaintiff has adequately stated an ADA and Section 504 claim for screening purposes.

**B. Claims against Defendants Pickell and Henderson**

Just as in the original Complaint, Plaintiff has failed to state a substantive due process claim against Defendants Pickell and Henderson in the FAC. *See* 03/30/2026 Order at 4-5. 42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A*., 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, a plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556

U.S. at 679.

In order to establish a substantive due process claim, Plaintiff must show a government deprivation of life, liberty or property. *Capp v. County of San Diego*, 940 F.3d 1046, 1060 (9th Cir. 2019) (quoting *Nunes v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998)). To prevail on a Fourteenth Amendment claim, Plaintiff must show that Defendant's conduct "shocks the conscience." *Provencio v. Vazquez*, 258 F.R.D 626, 640 (E.D. Cal. 2009). What state of mind shocks the conscience depends on the circumstances of the particular case." *Id*.

1. <u>Substantive Due Process against Defendant Pickell</u>

In the Complaint, the Court found the Complaint's substantive due process allegations against Defendant Pickell failed because Plaintiff failed to plead whether Defendant Pickell's behavior shocked the conscience to state a substantive due process claim. 03/30/2026 Order at 5; *see Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) (finding that a middle school principal's insults and threats did not violate Plaintiffs' substantive due process rights). The original Complaint alleged Plaintiff endured emotional abuse by Defendant Pickell by being labeled "bad," was denied access to the restroom, and responded with anger to Plaintiff's academic struggles. Compl. at ¶¶ 61-62. Plaintiff's allegations in the FAC do not provide additional factual allegations to demonstrate that Defendant Pickell's behavior shocked the conscience. *See* FAC at ¶ 84. Accordingly, the Court finds Plaintiff has not sufficiently pled that his substantive due process rights were violated and recommends dismissing his claim with leave to amend. *See Lopez*, 203 F.3d, at 1130-31; *Cahill*, 80 F.3d, at 339.

2. <u>Substantive Due Process Claim against Defendant Henderson</u>

Plaintiff has also failed to state a substantive due process claim under the state-created danger exception against Defendant Henderson. FAC at ¶¶ 86-87. While Plaintiff appears to allege Defendant Henderson violated his substantive due process rights generally, "the Fourteenth Amendment's Due Process Clause ... does not confer any affirmative right to governmental aid" and "typically does not impose a duty on the

state to protect individuals from third parties." *Henry A. v. Wilden*, 678 F.3d 991, 998 (9th Cir. 2012); *see also Murgia v. Langdon*, 61 F. 4th, 1096, 1108 (9th Cir. 2023). An exception to this rule is the state-created danger exception, where "the state affirmatively places the plaintiff in danger by acting with deliberate indifference to the obvious danger." *Id*. To determine whether an official affirmatively placed an individual in danger, the court must determine "whether any affirmative actions of the official placed the individual in danger he would otherwise not have faced, whether the danger was known or obvious, and whether the officer acted with deliberate indifference to that danger." *Id*. at 1002 (citing *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062-64 (9th Cir. 2006)). Thus, the Court construes Plaintiff's allegations against Defendant Henderson as a violation of his substantive due process rights under the state-created danger exception.

The Court previously found Plaintiff failed to allege in the Complaint a state-created danger claim against Defendant Henderson by failing to allege whether her knowledge of Defendant Pickell's alleged abuses demonstrates recognition and intent to expose Plaintiff to an unreasonable risk of danger, and where the Complaint failed to allege Defendant Henderson acted with deliberate indifference. *See* 03/30/2026 Order at 6. The FAC alleges that Defendant Henderson placed Plaintiff in danger by refusing to transfer Plaintiff out of Defendant Pickell's classroom, maintaining Plaintiff in Defendant Pickell's classroom after an October 2024 request from Plaintiff's guardian, signing truancy-intervention notices despite knowing Plaintiff was missing school due to trauma allegedly caused by Defendant Pickell, and failing to conduct an investigation into Defendant Pickell's behavior. FAC at ¶ 95.

The Court finds that these allegations fail to establish affirmative conduct required to state a state-created danger claim. "The 'affirmative conduct' sufficient for a state-created danger' claim requires an action that 'affirmatively place[s] the plaintiff in a position of danger.'" *Doe v. Round Valley Unified School Dist*., 873 F. Supp. 2d 1124, 1132 (D. Ariz. 2012) (quoting *Wood v. Ostrander*, 879 F. 2d 583, 589 (9th Cir. 1989)). Here, the FAC's allegations regarding Defendant Henderson's behavior resemble

omissions or passive inaction, rather than affirmative actions. *See Wormuth v. Lammersville Union School Dist.*, 305 F. Supp. 3d 1108, 1122 (E.D. Cal. 2018) (finding a principal's denial of a student's request to transfer classrooms to be "passive inaction" rather than affirmative); *Round Valley*, 873 F. Supp. 2d at 1133 (finding allegations that a principal failed to protect the school community from a student's sexual assault insufficient to state a claim for deliberate indifference). Thus, the Court finds Plaintiff has failed to state a state-created danger claim against Defendant Henderson and dismisses the claim with leave to amend.

3. <u>Negligence against Defendants Henderson and Pickell</u>

Under California law, a negligence claim requires a showing of "duty, breach, causation, and damages." *State Farm General Insurance Company v. General Electric Company*, 799 F.Supp.3d 996, 1004 (C.D. Cal. 2025). The FAC alleges that Defendant Henderson owes Plaintiff "a duty of reasonable care to supervise students entrusted to their care and to protect them from unreasonably foreseeable harm." FAC ¶ 143 (citing Cal. Educ. Code § 44807; *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 869-870 (2012)). Plaintiff alleges that Defendant Henderson breached her duty of care to Plaintiff by (1) failing to investigate or intervene on Plaintiff's behalf despite the four to five alleged communications between herself and Plaintiff's guardian; (2) personally signing six truancy notices; and (3) refusing a classroom transfer. FAC at ¶ 145.

Plaintiff alleges that Defendant Pickell breached her duty of care to Plaintiff by: (1) mocking his name in front of classmates; (2) labeling Plaintiff as "bad" several times; (3) denying Plaintiff bathroom access, leading him to soil himself on several occasions; (4) isolating Plaintiff as punishment; (5) providing exclusively negative feedback towards Plaintiff's academic performance; and (6) cutting off contact to Plaintiff's guardian. FAC at ¶ 144.

Like the original Complaint, Plaintiff has sufficiently pled his negligence claim against both Defendants Henderson and Pickell for screening purposes. *See* 03/30/2026 Order at 8-9.

4. <u>Intentional Infliction of Emotional Distress against Defendant Pickell</u>

To succeed on a claim for intentional infliction of emotional distress, a plaintiff must demonstrate “(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct…” *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991). The FAC alleges Defendant Pickell’s actions amounted to extreme and outrageous conduct leading to Plaintiff’s emotional distress. FAC at ¶¶ 155-158. Similar to the original Complaint, Plaintiff has adequately pled his intentional infliction of emotional distress claim against Defendant Pickell for screening purposes. *See* 03/30/2026 Order at 9.

## IV. PLAINTIFF’S OPTIONS

Plaintiff may proceed forthwith to serve Defendants MJUSD, Pickell, and Henderson and pursue his ADA and Section 504 claims against Defendant MJUSD; negligence claim against Defendants Henderson and Pickell; and intentional infliction of emotional distress claim against Defendant Pickell. Or, Plaintiff may delay serving any Defendant and attempt again to state cognizable claims against Defendants Henderson and Pickell. If Plaintiff elects to proceed forthwith against Defendants MJUSD, Pickell, and Henderson as to his ADA and Section 504 claims against Defendant MJUSD, negligence claim against Defendants Henderson and Pickell, and intentional infliction of emotional distress claim against Defendant Pickell, then within thirty (30) days of the District Court’s order, Plaintiff must so elect on the appended form. In this event, the Court will construe Plaintiff’s election as consent to the dismissal of his substantive due process claim against Defendant Pickell and his substantive due process/ state created danger claim against Defendant Henderson. Under this option, Plaintiff does not need to file a Second Amended Complaint.

Or, Plaintiff may delay serving any Defendant and attempt again to cure the deficiencies identified above. If Plaintiff elects to attempt to amend his FAC to cure the

deficiencies identified above, he has thirty days to do so.

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited “to a single set of circumstances” where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was “literally guessing as to what facts support the legal claims being asserted against certain defendants”). The amended complaint must not require the court to spend its time “preparing the ‘short and plain statement’ which Rule 8 obligated plaintiffs to submit.” *Id*. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines “to determine who is being sued for what.” *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. The amended complaint should be titled “Second Amended Complaint.” Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

/ / /

/ / /

## V. CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1. Plaintiff's substantive due process, *Monell*, California Government Code § 11135, negligence, negligent hiring, supervision, and training, and intentional infliction of emotional distress claims against Defendant MJUSD be DISMISSED without leave to amend.
2. Plaintiff's substantive due process claim against Defendant Pickell be DISMISSED with leave to amend.
3. Plaintiff's substantive due process/ state-created danger claim against Defendant Henderson be DISMISSED with leave to amend.
4. The First Amended Complaint states an ADA claim and Section 504 claim against Defendant MJUSD, negligence claim against Defendants Henderson and Pickell, and intentional infliction of emotional distress claim against Defendant Pickell. *See* 28 U.S.C. § 1915A. If Plaintiff chooses to proceed solely as to these claims, Plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe Plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.
5. Plaintiff shall have 30 days from the date of any order by the district judge ruling on these findings and recommendations to file an amended complaint that complies with the instructions provided. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed. Plaintiff is instructed not to file any amended complaint until the district judge rules on these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file

written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 3, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, c.b.3509.25.screen.fac

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.B.,<br><br>Plaintiff,<br><br>v.<br><br>MARYSVILLE JOINT UNIFIED SCHOOL DISTRICT, ET AL.,<br><br>Defendants. | No. 2:25-cv-03509-DJC-CSK<br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_______ Plaintiff opts to proceed with his ADA claim and Section 504 claim against Defendant MJUSD, negligence claim against Defendants Henderson and Pickell, and intentional infliction of emotional distress claim against Defendant Pickell. Plaintiff consents to the dismissal without prejudice of his substantive due process claim against Defendant Pickell and substantive due process/ state-created danger claim against Defendant Henderson.

**OR**

______ Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

______________________________________
Plaintiff